IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| OCWEN LOAN SERVICING LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-cv-00682-O-BP |
| | § | |
| KIMBERLY S. DEANE and PETE M. | § | |
| MARTINEZ, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Motion to Dismiss and First Interim Status Report by Attorney

Ad Litem for the Unknown Heirs of Kimberly S. Deane (ECF No. 41), filed March 6, 2017, and

Plaintiff's Response to Defendants' Motion to Dismiss and Brief in Support (ECF No. 43), filed

March 27, 2017. After considering the pleadings and applicable law, the undersigned

RECOMMENDS that United States District Judge Reed O'Connor extend the time for perfecting

service to 90 days from the date the Court's Order is issued and DENY as moot the Ad Litem's

Motion to Dismiss (ECF No. 41).

## I.     BACKGROUND

Ocwen Loan Servicing LLC ("Ocwen") brought the instant suit seeking a declaratory

judgment to foreclose on real property subject to a mortgage lien. ECF No. 1. Ocwen alleges that

the loan obtained by Kimberly S. Deane and Pete M. Martinez is in default and seeks to foreclose

on the property. *Id.* Thereafter, Ocwen filed its Notice of Suggestion of Death of Kimberly S.

Deane (ECF No. 14) and First Amended Complaint (ECF No. 20). Ocwen next filed a Motion for

Substituted Service by Publication on the Unknown Heirs of Kimberly S. Deane, which the Court granted. ECF Nos. 21, 22. Although service by publication was completed, Ocwen inadvertently filed the Publisher's Affidavit as "Summons Returned Executed as to Kimberly S. Deane." ECF Nos. 33, 43 at 2. Pursuant to Ocwen's Motion for Appointment of Attorney Ad Litem (ECF No. 38), the Court appointed Victoria Ryon as the Attorney Ad Litem ("Ad Litem") to represent the Unknown Heirs at Law of Kimberly S. Deane ("Unknown Heirs") and ordered her to attempt to locate the Unknown Heirs. ECF No. 39.

On March 6, 2017, the Ad Litem filed the instant Motion to Dismiss. ECF No. 41. The Ad Litem moves to dismiss Ocwen's claims for lack of personal jurisdiction based on failure to perfect service. *Id.* at 1-3. On March 27, 2017, Ocwen filed its Response to the Motion to Dismiss (ECF No. 43) and requested that the clerk again issue summons as to the Unknown Heirs (ECF No. 42). Ocwen requests that the Court grant leave to serve the Unknown Heirs and deny the Ad Litem's Motion to Dismiss. ECF No. 43.

## II.     LEGAL STANDARD AND ANALYSIS

When a plaintiff does not perfect service within the time mandated by Rule 4(m) of the Federal Rules of Civil Procedure, a court must either dismiss the action without prejudice or order that service be made within a specified timeframe. Fed. R. Civ. P. 4(m); *see also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). However, the Court must extend time for service "if the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). "Proof of good cause requires 'at least as much as would be required to show excusable neglect' . . . . Additionally, some 'showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required.'" *Thrasher v. City of Amarillo*, 709

F.3d 509, 511 (5th Cir. 2013) (footnotes omitted) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).

Here, the Ad Litem alleges that Ocwen failed to perfect service on the Unknown Heirs because while a summons was issued as to the Unknown Heirs, there is no summons returned executed reflected on the docket. ECF No. 41 at 3. Ocwen asserts that it did perfect service by publication, but inadvertently filed the Publisher's Affidavit evidencing the same as "Summons Returned Executed as to Kimberly S. Deane" instead of the unknown heirs. ECF No. 43 at 2. Ocwen thus seeks leave to serve by publication the re-issued summons as to the Unknown Heirs. *Id.* Because Ocwen timely requested publication of the summons and obtained an affidavit of publication, the undersigned finds that Ocwen had a good faith basis to believe that this was sufficient to perfect service. *See* Fed. R. Civ. P. 4(c)(2); ECF Nos. 21-24, 33. Based on these facts, the undersigned finds that Ocwen has established good cause to extend the time to serve the Unknown Heirs. Fed. R. Civ. P. 4(m). Even if good cause does not exist, the undersigned concludes that the Court should exercise its discretion and extend the time for service on the Unknown Heirs. *Id.* Because the Ad Litem requires additional time to determine if other defendants should be added to the instant suit, the extension of time will not delay the proceeding of this matter. Accordingly, the undersigned RECOMMENDS that the Ad Litem's Motion to Dismiss be DENIED as moot.

## III.    CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Judge O'Connor extend the time for perfecting service by publication to 90 days from the date the Court's Order is issued and DENY as moot the Ad Litem's Motion to Dismiss (ECF No. 41).

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and

recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed April 11, 2017.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE