IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| OCWEN LOAN SERVICING, LLC, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-cv-00682-O-BP |
| | § | |
| KIMBERLY S. DEANE, et al., | § | |
| | § | |
|    Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Plaintiff Ocwen Loan Servicing, LLC's Motion for Default Judgment against Defendants Pete M. Martinez and Patrick Patterson (ECF No. 67), filed October 27, 2017 and Motion for Attorneys' Fees (ECF No. 74), filed November 16, 2017. United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management by Order entered on February 2, 2017. ECF No. 40. Defendants have not responded or otherwise appeared in this matter. Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Plaintiff's Motion for Default Judgement, and **GRANT IN PART and DENY IN PART** Plaintiff's Motion for Attorneys' Fees.

### I. BACKGROUND

**A. Factual Background**

Plaintiff Ocwen Loan Servicing, LLC ("Ocwen") filed its Original Complaint on September 14, 2015, against Kimberly S. Deane, deceased, and Pete M. Martinez a/k/a Pedro Martinez. ECF No. 1. On September 23, 2016, Ocwen filed its First Amended Complaint ("Complaint") against Pete M. Martinez a/k/a Pedro Martinez, Patrick Patterson, and the Unknown

Heirs at Law of Kimberly S. Deane (the "Defendants"), seeking foreclosure on the real property located at 509 Mitch Street, Saginaw, Texas, and more particularly described as follows:

> BEING LOT 8, BLOCK 2 OF AMBER MEADOWS SUBDIVISION, AN ADDITION TO THE CITY OF SAGINAW, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET A, SLIDE 3269, PLAT RECORDS, TARRANT COUNTY, TEXAS (the "Property").

ECF No. 20 at 2.

In its Amended Complaint, Ocwen alleges that Kimberly S. Deane and Pete M. Martinez (the "Borrowers") executed a promissory note in the principal amount of $97,955.00 ("Note"), originally payable to Suburban Mortgage Company, Ltd. as lender on a loan secured by the Property. ECF 20 at 4. They also executed a Deed of Trust, granting Suburban Mortgage Company, Ltd., its successors and assigns, a security interest in the Property ("Security Instrument" and together with the Note, "Loan Agreement"). *Id.*; ECF No. 71. Ocwen alleges that it is the current holder of the Note and beneficiary of the Security Instrument on a loan secured by the Property, executed by the Borrowers. *Id.* According to Ocwen, the Borrowers have not made payments since October 1, 2013, and thus all subsequent monthly payments are due. ECF No. 20. In addition, Ocwen claims that when Ms. Deane died on or about June 8, 2016, no probate was opened for her estate, and upon her death, her heirs acquired her interest in the Property subject to the debt owed to Ocwen. *Id.* Patrick Patterson is the alleged son and heir of Ms. Deane. *Id.*

**B. Procedural Background**

On October 7, 2016, Patrick Patterson was personally served with the summons and copy of the Complaint. ECF No. 34. On November 29, 2016, Pete M. Martinez was personally served with the summons and copy of the Complaint. ECF No. 36. Because both parties did not answer or provide a responsive pleading within twenty-one days from the date of service, Ocwen requested

the Clerk to enter default against Mr. Martinez and Mr. Patterson. ECF No. 66. Subsequently, the Clerk of Court did so. ECF No. 68.

Ocwen completed service by publication on the Unknown Heirs of Ms. Deane in accordance with Federal Rule of Civil Procedure 4(e)(1) by publication in *The Daily Commercial Record*, a newspaper of general circulation in Tarrant County, Texas. ECF No. 60. On January 31, 2017, Ocwen filed a Motion for Appointment of Attorney Ad Litem to attempt to locate and, if needed, to represent the Unknown Heirs. ECF No. 38. The Court appointed Victoria Ryon as attorney ad litem on February 1, 2017. ECF No. 39. The Defendants made no appearance in this action and did not answer or otherwise respond to Ocwen's Complaint, or seek an extension of time. On October 27, 2017, Ocwen filed the instant Motion for Default Judgment. ECF No. 68.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Rule 55 sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. *See N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). The clerk must enter the party's default when it is established by affidavit or otherwise. *Id.* A plaintiff must then apply for a default judgment. *Id.* After the clerk enters default, "the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). In order to obtain a default judgment, Ocwen must establish that (1) default was entered against the Defendants; (2) the Defendants are neither minors nor incompetent persons; (3) Defendants are

not in military service; and (4) the Defendants were provided with notice of the motion for default judgment. Fed. R. Civ. P. 55; 50 U.S.C. § 3931.

The Court determines whether entry of default judgment is procedurally appropriate by considering the following six non-exhaustive factors: (1) whether the default was caused by a good faith mistake or excusable neglect; (2) whether there has been substantial prejudice; (3) the harshness of a default judgment; (4) whether there are material issues of fact; (5) whether the grounds for a default judgment are clearly established; and (6) whether the Court would be obligated to set aside the default on the motion of a defaulting party. *Lindsey v. Price Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The entry of a default judgment is within the court's discretion. *Id*. After finding that the circumstances warrant default judgment, the court considers the merits of the claims and whether there is a sufficient basis in the pleadings for the court to enter judgment by default. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

### III. ANALYSIS

#### A. Procedural Requirements to Satisfy Default Judgment

Ocwen has satisfied the procedural requirements of Rule 55, as Defendants were served according to law, but have failed to answer or otherwise respond within the time required, and the Clerk of the Court entered default against them. *See* ECF Nos. 20 and 68. Ocwen also has established that Defendants are not minors, incompetent persons, or currently engaged in military service, which is required under Rule 55 and 50 U.S.C. § 3931. *See* ECF Nos. 67, 70. The *Lindsey* factors weigh in favor of granting default judgment, as there is no evidence before the Court showing disputed issues of material fact, substantial prejudice, a good faith mistake or excusable neglect, or any reason the Court would feel obliged to set aside a default judgment. *See Lindsey*,

161 F.3d at 893. Accordingly, the procedural requirements of Rule 55 have been satisfied such that the Court may consider entry of a default judgment.

### B. Sufficiency of the Pleadings

Ocwen requests the Court to enter default judgment against the Defendants, granting a declaration that Ocwen's statutory probate lien against the Property should be enforced by foreclosure or public action—or alternatively, a judgment for judicial foreclosure—so that the Defendants are divested of all of Ms. Deane's right, title, and interest to the Property. ECF No. 20 at 8. Ocwen further requests that the Court issue a writ of possession against any occupant of the Property if the occupant fails or refuses to leave the Property after foreclosure or auction, and that the Court award Ocwen its attorneys' fees and costs of the suit up to the value of the property. *Id*.

Ocwen argues that it has a statutory probate lien against the Property under the Loan Agreement and Texas Estates Code §§ 101.001(b) and 101.051(b)(1), which provide that the decedent's estate and its debts immediately pass to the decedent's heirs at law. The remedy of one holding an unpaid claim against the estate is to enforce a statutory lien against the property in the hands of the heirs, devisees, or legatees who receive estate property. *See Potts v. W.Q. Richards Mem'l Hosp.*, 558 S.W.2d 939, 943 (Tex. Civ. App.—Amarillo 1977, no writ). Upon consideration of these factual allegations and statutory authority, Ocwen's request for declaration of its statutory probate lien should be granted.

Furthermore, Ocwen seeks to enforce its statutory probate lien in the Property through foreclosure or public auction under Texas Property Code § 51.002. ECF No. 20. Ocwen asserts that it is entitled to an order authorizing non-judicial foreclosure of the property and a judgment for judicial foreclosure. ECF No. 20 at 7. Texas law requires a party to secure a court order to foreclose on a home equity loan. Tex. Const. art. XVI § 50(a)(6)(C). Section 51.002 of the Texas

Property Code provides for the sale of real property pursuant to a security instrument with a power of sale. A lien subject to non-judicial foreclosure "may also be foreclosed by judgment in an action for judicial foreclosure." Tex. R. Civ. P. 735.3.

Ocwen has produced a copy of the Security Instrument signed by the Borrowers, which evidences that Ocwen is the current holder of the Note and has the right to enforce the Note and Deed of Trust. ECF No. 71-1. To foreclose under a security instrument with a power of sale, the lender need only demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under art. XVI, § 50(a)(6) of the Texas Constitution; (3) the defendant is in default under the note and security instrument; and (4) the defendant received notice of default and acceleration. *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 Fed. App'x. 306 (5th Cir. 2014); Tex. Prop. Code § 51.002. Here, Ocwen's uncontested Complaint establishes that the Borrowers incurred a debt that has gone unpaid since October 1, 2013. The Borrowers granted a lien to secure the debt, which was created under art. XVI, § 50(a)(6) of the Texas Constitution, the Defendants are in default under Texas Estates Code §§ 101.001(b) and 101.051(b)(1), and Ocwen mailed notices of default and requests to cure to the Defendants in accordance with the Loan Agreement and the Texas Property Code.*See* ECF No. 20.

The Defendants' default serves as an admission of Plaintiff's allegations. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206. A consequence of the entry of a default judgment is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2688 (3d ed. 1998). Based on the uncontested record, Ocwen's Complaint establishes that the Borrowers executed a Note in the principal amount of $97,955.00 and a Security Instrument for the loan, that Defendants have failed or refused to pay the debt evidenced by the Loan Agreement,

6

and that payments under the Loan Agreement have not been made since October 1, 2013. ECF Nos. 20, 71.

Defendants have not complied with any court deadlines or participated in the litigation, despite notice of the lawsuit. *See Iowa State Univ. Research Found., Inc. v. Greater Continents, Inc.*, 81 Fed. App'x. 344, 348 (Fed. Cir. 2003) (holding that the district court did not abuse its discretion in entering default judgment where defendant "delayed the proceedings by choosing not to respond to the complaint or the court order."). Based on this procedural history and the efforts expended to date by Ocwen in pursuing the debt owed on the note for the Property, Ocwen will be prejudiced if default judgment is denied.

Ocwen has sufficiently pleaded that the Note was secured by the Property, that the Note is due and owing, and that it seeks to foreclose on the Property under the Deed of Trust. Furthermore, Ocwen alleges that it has satisfied the necessary requirements of Texas Property Code § 51.002, which govern a foreclosure sale of real property under a deed of trust. Ocwen's Motion for Default Judgment and request that the Court enter an order authorizing a foreclosure sale of the Property should be granted.

**C. Attorneys' Fees**

Ocwen also requests an award of attorneys' fees up the value of the Property, but not as a personal judgment against the Defendants. In its Motion for Attorneys' Fees, Ocwen requests an award of attorneys' fees in the amount of $10,798.50. ECF No.74 at 2. Texas law is applicable to the award of attorneys' fees in diversity cases like this one. *See Mathis v. Exxon Corp.,* 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, attorneys' fees may be recovered pursuant to mortgage contracts. *See Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1040 (5th Cir. 2014)

(analyzing Texas law, court determined that motions for attorneys' fees provided by mortgage contracts are permissible under Rule 54(d)(2)).

The Note and Deed of Trust allow Ocwen to recover its reasonable attorneys' fees associated with enforcing the Note and protecting its interest in the Property. *See* ECF 71-1 at 1. This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999); *see also Simicek v. Wells Fargo Bank, N.A.*, Civ. A. No. H:12-1545, 2013 WL 5425126, at *5 (S.D. Tex. Sept. 26, 2013) (court applied lodestar method to calculate reasonable attorneys' fees under a mortgage contract). The lodestar is calculated by multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The parties seeking reimbursement of attorneys' fees bear the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457.

Ocwen is represented by Mackie Wolf Zientz & Mann, P.C. ("MWZM") in this matter. In support of its Motion for Attorneys' Fees, Ocwen submits the Declaration of Mark D. Cronenwett, a senior attorney at MWZM, who declares, under penalty of perjury, that he has been licensed to practice in the State of Texas and that the hourly rates of the firm's associates and paralegals are reasonable and consistent with rates charged by comparable firms when prosecuting claims for the enforcement of a party's interest in certain real property as a result of a borrower's default under a loan agreement. ECF No. 74-1 at 2–4.

Ocwen also submitted MWZM's billing invoices to evidence its billing rates and the number of hours that MWZM expended in this matter. The current hourly billing rate is $215.00 for associates and $95.00 for paralegals at MWZM. ECF No. 74-1. The invoices dated from June 17, 2015 to April 28, 2017 had a billing rate of $230.00 for senior associates, $190 for associates, and $95.00 for paralegals at MWZM. ECF No. 74-1 at 9–20. The invoices show that MWZM charged Ocwen for the following hours: all associates (47.4 hours) and paralegals (9.2 hours). The Court notes that three time entries on the billing invoices were omitted when the invoices were filed with the Court. ECF No. 74-1 at 20, 22, and 23. Thus, the Court's calculation of hours and fees does not include those omitted entries.

The undersigned finds that the rates charged by MWZM in this matter are reasonable and are consistent with the prevailing rates in this division. The undersigned concludes that the requested hourly rates enumerated in MWZM's invoices are reasonable and within the market rate for attorneys handling this type of litigation in this division. *See generally Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees). Based on the calculations of the total number of hours expended on this matter and MWZM's billing rates, the undersigned concludes that the appropriate lodestar calculation is a total of $10,596.00.

## IV.  CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Plaintiff's Motion for Default Judgement (ECF No. 67) and enter a default judgment granting Plaintiff's requested relief. Furthermore, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT IN PART and DENY IN PART** Ocwen's Motion for Award of Attorneys' Fees (ECF No. 74) to the extent that Ocwen is awarded $10,596.00 in attorneys' fees to be collected from the proceeds of any sale of the Property, but not as a personal judgment against the

Defendants.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed December 1, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE